## THOMPSON v. PRICE.

(Court of Civil Appeals of Texas. San Antonio. May 7, 1913. Rehearing Denied June 4, 1913.)

1. APPEAL AND ERROR (§ 193*)—PRESENTATION BELOW—FUNDAMENTAL ERROR.

An objection may be first taken in the Court of Civil Appeals to a petition which does not state a cause of action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1226–1238, 1240; Dec. Dig. § 193;* Pleading, Cent. Dig. § 1355.]

2. BROKERS (§ 79*)—RIGHT TO COMMISSIONS.

Where a partnership agreed to pay a broker a share of its commissions for the sale of realty, but fraudulently refused to collect its commissions, or where its members fraudulently prevented the collection, the broker could have his rights adjusted in a court of equity so as to prevent the fraud from being perpetrated upon him.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 79.*]

Error from District Court, Medina County; R. H. Burney, Judge.

Action by L. F. Price against C. M. Thompson and others. From a judgment for plaintiff against the defendant named, and also against defendant Thompson in favor of other defendants, defendant Thompson brings error. Affirmed.

Brucks & Noonan, of Hondo, John T. Briscoe, of Devine, and C. C. Harris and W. H. Lipscomb, both of San Antonio, for plaintiff in error. J. I. Kercheville, of San Antonio, for defendant in error.

TALIAFERRO, J. Suit was filed by defendant in error, L. F. Price, against the Devine Realty Company, a partnership, composed of C. M. Thompson, W. L. Dubose, A. M. Patterson, R. C. Howard, and Lizzie C. Adams. The cause of action was alleged thus: Defendant in error made a contract with the firm whereby he should be paid one-half of the commissions *received* by the firm for the sale of certain lands, by it or any of its members, to certain people, and the said firm should have one-half of the commissions received by defendant in error, in case he sold any land to the said people. Among the lands which the realty company was expected to sell, and which fell under the agreement, were certain tracts belonging to members of the partnership, among them Thompson. It was alleged: That the defendant firm had sold land to the designated person to the amount of $93,000, and that said firm was entitled to receive therefor commission in the sum of $3,024.75, one-half of which rightfully belonged to defendant in error. That the land so sold was the property of C. M. Thompson and Lizzie C. Adams, members of said partnership, and that the said Thompson and Adams had conspired with each other to defraud the other members of the firm and defendant in error out of their interest in said commissions by refusing to pay the same into the partnership account. Judgment was rendered in favor of defendant in error against C. M. Thompson, W. L. Dubose, A. M. Patterson, and R. C. Howard for $1,512.37, and against Thompson in favor of the other defendants upon their prayer for judgment over.

The case is before us on writ of error by C. M. Thompson alone. No assignments of error have been filed, and plaintiff in error urges only the contention that the judgment shows fundamental error in that the petition does not state a cause of action against C. M. Thompson. Plaintiff in error urgently insists that since Price was to share in such commissions as the Devine Realty Company *received*, and further revealed that the commissions claimed by him had not been received by the firm, said petition shows upon its face that no cause of action had accrued in the plaintiff's favor, and a general demurrer to the petition should have been sustained. And such would have undoubtedly been the case if the petition had stopped there. But it did not.

[1] The authorities cited by plaintiff in error abundantly support his contention that a judgment rendered upon a petition which does not state a cause of action is fundamentally erroneous, and that objection thereto may be first made in this court. But we think they are not applicable to this case. The plaintiff alleged that the land, for the sale of which the commission was earned, belonged to members of the firm, and that such members had conspired with each other to withhold and refuse to pay the commissions for the purpose of wrongfully and fraudulently depriving him and other members of the firm of their shares therein.

When the commissions were earned by the Devine Realty Company, the right of the defendant in error to a half interest in them attached and was enforceable as soon as the commissions were collected, and the fraudulent refusal of the realty company to collect the money, or the fraudulent action of some of its members which prevented its collection, would not defeat his right.

[2] So far as defendant in error was con-

cerned, the action of one member of the partnership was the action of all, and the law will not permit 'it to take advantage of its own wrong to defeat defendant in error's right of action. If the right of action of defendant in error was about to be defeated by the fraudulent action of one or all of the members of the partnership, he had the right to go into a court of equity and assert the wrong that was about to be done to him and have his rights adjusted. That seems to be what was done in this case, as judgment was rendered in favor of defendant in error against the firm and in favor. of the other members thereof over against Thompson. We think the petition on the whole stated a cause of action as to all the members composing the firm of the Devine Realty Company, and that no fundamental error appears of record.

The judgment of the lower court is therefore affirmed.